UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| WALTER GLENN, ET AL. | NO.: 15-00138-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **United States' Motion in Limine (Doc. 197)**. Defendant Walter Glenn and Thomas James filed oppositions. (Docs. 202, 213). The Government seeks to introduce evidence that Walter Glenn, Thomas James, and Larry Walker had criminal histories at the time they were stopped for a traffic violation on September 2, 2014. (Doc. 197 at p. 1). While Sgt. Dawsey questioned Glenn during the traffic stop, Glenn said: "None of us have any histories under our name, we don't have any drug history, we don't have any of that." (Gov. Ex. 1, Video of Traffic Stop). The Government claims that when Glenn indicated that the trio did not have criminal histories, he lied because they did have criminal histories. (Doc. 197-1 at p. 4). The Government states that it is willing to introduce only the fact that Glenn, Walker, and James had criminal histories, without going into detail about their specific convictions. (Doc. 197-1 at p. 4).

As a threshold matter, the Government's Motion in Limine is untimely. Under Federal Rule of Criminal Procedure 12(c), courts may "set a deadline for the parties to make pretrial motions[.]" The intent of Rule 12(c) is to encourage the efficient

resolution of pretrial motions. *See* Fed. R. Crim. P. 12, Advisory Committee's Notes. Here, the Government filed the pending motion nearly two months after the Court ordered deadline for all pre-trial motions expired on October 10, 2017. (*See* Doc. 164).[1] The Government has not shown good cause for filing its motion late. Indeed, the Government failed to provide any explanation whatsoever to explain why it failed to timely file its motion in limine. The Court will nonetheless address the merits of the Government's arguments because even if the Government had timely filed its motion, the Court would have denied it.

The Government provides two grounds for introducing evidence of Glenn, James, and Walker's criminal histories to impeach Glenn's statement that the three did not have criminal histories. First, the Government claims that lies and inconsistent statements to law enforcement are circumstantial evidence of guilty knowledge. Three of the four cases cited by the Government are entirely inapposite. (Doc. 197-1 at p. 5). The cases do not even address whether false statements are admissible at trial, but rather they address whether certain false statements contributed to the sufficiency of the evidence at trial. *See United States v. Francisco Mendoza*, 522 F.3d 482, 489-490 (5th Cir. 2008); *United States v. Jose Mendoza*, 226 F.3d 340, 346 (5th Cir. 2000); *United States v. Gallo*, 927 F.2d 815, 821 (5th Cir. 1991).

---

[1] The Court initially set November 23, 2015, as the motion filing deadline. (Doc. 9). On September 29, 2016, after the Court suppressed all evidence relating to Larry Walker, the Government appealed the Court's ruling. (Doc. 133). After the United States Court of Appeals for the Fifth Circuit issued its mandate on September 14, 2017, affirming the Court's ruling, the Court set a motions deadline of October 10, 2017, and trial was set for December 11th to 14th, 2017. (Doc. 164).

Here, however, the Defendants have specifically challenged the admissibility of the criminal histories at issue.

The only relevant case cited by the Government is *United States v. Daniels*, 352 F. App'x 929 (5th Cir. 2009), in which the defendant told a police officer that he had $2,000 in his car, when, in fact, the officer discovered $15,000 in the defendant's car. The United States Court of Appeals for the Fifth Circuit concluded that it was not plain error for the district court to introduce evidence of the defendant's false statement about how much money was in the car because the statement "could be viewed as designed to persuade the officer to refrain from searching him or his bags" and it was "circumstantial evidence of guilty knowledge of the contents of his bags that he did not want to disclose." *Id.* at 931. This case, however, does not provide guidance on the introduction of criminal histories, which are given heightened protections. And unlike here, where the Defendants have objected to the introduction of their criminal histories, the defendant in *Daniels* did not even object to the introduction of the evidence at issue.

Second, the Government argues that when Glenn indicated that neither he, James, nor Walker had criminal histories, he took an affirmative step to help the conspiracy evade law enforcement. (Doc. 197-1 at p. 6). But again, all the cases cited by the Government for this proposition address the sufficiency of evidence at trial, and the cases fail to address whether the evidence was admissible in the first place. *See Gallo*, 927 F.2d at 821; *United States v. Richards*, 204 F.3d 177, 210 (5th Cir.

2000). And here, the Defendants have, in fact, objected to the admission of their criminal histories.

Even if the Government could show that the trio's criminal histories were admissible to impeach Glenn's purported lie, the Court concludes that the probative value of the existence of the Defendants criminal histories is substantially outweighed by a danger of unfair prejudice under Federal Rule of Evidence 403. The Committee Notes to Rule 403 explain that "[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee's Notes. The Fifth Circuit has also held that "the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993).

Allowing evidence of the fact that Glenn, Walker, and James have criminal histories for the purpose of impeaching a single statement made by Glenn would result in unfair prejudice for several reasons. First, the probative value of the evidence is extremely weak. The Government seeks to admit the evidence to establish that Glenn lied when he said: "None of us have any histories under our name, we don't have any drug history, we don't have any of that." (Gov. Ex. 1, Video of Traffic Stop). Glenn made this statement in direct response to Sgt. Dawsey implicitly accusing Glenn of being involved in drug trafficking, when Sgt. Dawsey said: "Alright we've gotta big problem going this way from Houston with you know something like

4

a hundred pounds of Marijuana, couple kilos of Cocaine, large amounts of U.S. Currency." *Id.* Therefore, taken in context, Glenn appears to have been only indicating that neither he, James, nor Walker had any past drug convictions. The Government does not even claim that Glenn or Walker had past drug convictions; it only claims that James has past drug convictions. (Doc. 197-1 at p. 4).

Allowing evidence of the trio's criminal history is also unfairly prejudicial because the jury would hear that James has a criminal history solely based on a statement made by Glenn. There is no evidence that James directed Glenn to tell the police that he lacked a criminal history, and there is no evidence that James overhead Glenn say that he had a criminal history, which would have caused James to tell Sgt. Dawsey that Glenn was incorrect. The Court must consider not only the prejudice to Glenn but also the unfair prejudice to James that would result.

The Government argues that any prejudice could be cured by a limiting instruction. However, as the Fifth Circuit has noted "the jury may not always have the mental discipline to consider [criminal history] only for impeachment purposes." *United States v. Martinez*, 555 F.2d 1273, 1275 (5th Cir. 1977). In this situation, the danger is particularly significant because the Government seeks to introduce evidence that all three passengers in the car had criminal histories. Even with a limiting instruction, there is a serious risk that the jury will infer that Glenn, Walker, and James were engaged in criminal conduct merely due to the fact that they have criminal histories.

Accordingly,

**IT IS ORDERED** that the **Motion in Limine (Doc. 197)** is **DENIED**.

Baton Rouge, Louisiana, this 6th day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**